**Ross S. KRAEMER, Plaintiff,**

v.

**FRANKLIN AND MARSHALL COLLEGE, Defendant.**

Civ. A. No. 95–0020.

United States District Court, E.D. Pennsylvania.

Oct. 30, 1995.

Carol A. Mager, Joel C. Schochet, Mager, Liebengerg & White, Philadelphia, PA, for Plaintiff.

Christopher W. Mattson, Jennifer Craighead, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Defendant.

### MEMORANDUM & ORDER

HUYETT, District Judge.

Defendant Franklin and Marshall College ("Defendant") has moved to exclude a letter from David Keller, an attorney with the law firm representing Defendant, to Debbie Rodman Sandler, an attorney with the law firm which is co-counsel for Plaintiff Ross Kraemer ("Plaintiff"). Plaintiff seeks to admit the letter to impeach the credibility of the college and Dean Susanne Woods, and to show that the college's stated reasons for awarding the faculty appointment to Stephen Cooper rather than to Plaintiff are pretextual.

Keller's letter was written in response to a letter from Ms. Sandler, in which Plaintiff threatened to file EEOC charges unless she was offered the tenure-track faculty appointment for which she had applied. Mr. Keller, in his reply, invited the Defendant to file charges before the EEOC, because the college did not intend to settle the claim.

Defendant argues that Keller's letter should be excluded by Federal Rule of Evidence 408, which prohibits the admission of statements made in "compromise negotiations" when used to prove "liability for or invalidity of" a claim. It alleges that Keller's letter is properly considered part of compromise negotiations, begun by the Plaintiff. Alternatively, Defendant states that the letter has no probative value and should be excluded as irrelevant under Federal Rule of Evidence 402.

Plaintiff contends that Keller's letter is not a statement made in compromise negotiations, nor is it an offer to compromise a claim. She argues that the letter of Ms. Sandler, requesting that Plaintiff be given the faculty appointment, was not an offer to settle, but a demand under threat of legal

action. Mr. Keller's response merely stated that the college refused to reopen the matter or to offer a position to the Plaintiff.

Plaintiff also asserts that the letter is not offered to show liability but to impeach the credibility of the college and Dean Woods. She points to deposition testimony of Dean Woods in which the Dean said that she had agreed to support Plaintiff's appointment at the Associate Professor level if she were chosen for the tenure-track position. This testimony is directly contradicted by the letter from David Keller, which stated that the college never intended to fill the position at the Associate Professor level. Mr. Keller, in his deposition testimony, stated that the information contained in his letter was provided by Dean Woods.

Federal Rule of Evidence 408 states that evidence of "furnishing or offering ... a valuable consideration in compromising ... a claim which was disputed ... is not admissible to prove liability for or invalidity of the claim.... Evidence of ... statements made in compromise negotiations is likewise not admissible."

■ The Court finds persuasive Plaintiff's argument that the letter of David Keller was not part of compromise negotiations nor was it an offer to settle Plaintiff's claim. While litigation "need not have commenced for Rule 408 to apply," there must be some dispute which the parties are attempting to resolve through discussion. *See Affiliated Manufacturers, Inc. v. Aluminum Co. of America,* 56 F.3d 521, 526 (3d Cir.1995) (Rule 408 encourages "freedom of discussion with regard to compromise"). Although there is a difference of view between the parties as to the validity of Plaintiff's claim, no compromise negotiations or offers to settle occurred. Ms. Sandler's letter was not an offer to settle a claim, but a demand for a tenure-track faculty appointment, accompanied by a threat of legal action. *See Winchester Packaging, Inc. v. Mobil Chemical Co.,* 14 F.3d 316, 319 (7th Cir.1994) (a demand for payment accompanied by a threat of legal action is not a settlement offer). Keller's response, inviting the Plaintiff to file charges with the EEOC, was not a statement made in compromise negotiations.

Furthermore, Plaintiff's proffered reason for seeking to admit the letter is not to prove liability, but to impeach the credibility of the college and Dean Woods. *See Id.* at 526; *Frieman v. USAir Group, Inc.,* 1994 WL 675221, at 9 (E.D.Pa.1994) ("statements made during compromise negotiations" are "admissible to impeach" witnesses). Rule 408 is not applicable, nor is the evidence irrelevant under Rule 402.

For the foregoing reasons, the Court will deny Defendant's Motion in Limine.

An appropriate order follows.

### ORDER

For the reasons stated in the foregoing memorandum, Defendant's Motion, requesting that the Court exclude the letter of David Keller to Debbie Rodman Sandler is **DENIED.**

**IT IS SO ORDERED.**